Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4668 | **DATE** | 3/5/2002 |
| **CASE TITLE** | Information Tech Int'l vs. ITI of North Florida et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached Memorandum Opinion and Order, defendants' amended motions to compel discovery, for protective order and to continue the 2/4/02 hearing [74-1] are granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | MAR 06 2002 | |
| | Notified counsel by telephone. | | date docketed | 79 |
| | Docketing to mail notices. | | CM docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 3/5/2002 | |
| ✓ | Copy to judge/magistrate judge. | 02 MAR -5 PM 2:50 | date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INFORMATION TECHNOLOGIES INTERNATIONAL, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ITI OF NORTH FLORIDA, INC., a Florida corporation, GLOBAL NETWORK SOLUTIONS, INC., a Florida corporation, ANGELO V. ESPOSITO, an individual, MATTHEW G. ALFORD, an individual, MARVIN D. LUX, an individual, JAMES B. MITCHELL, an individual, TIMOTHY FARREN, an individual, THOMAS SPEER, an individual, JOSEPH DRYSDALE, an individual, SUZETTE CHAUVIN, an individual, and REBECCA J. WALDEN, an individual,<br><br>Defendants. | No. 01 C 4668<br><br>Hon. David H. Coar<br>Mag. Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Defendants ITI of North Florida et. al. (individually, "ITI-Florida", collectively, defendants) have filed a motion to compel certain discovery responses from plaintiff Information Technologies International, Inc. ("ITI"). All of the requested discovery concerns ITI's motion for an entry of contempt against the defendants because of their alleged breach of a temporary restraining order between the two parties. For the following reasons we grant the motion in part and deny it in part.

There are two sets of discovery requests at issue here: one served by defendant

Esposito and one served by defendant ITI-Florida. Four of the six discovery requests served by Esposito relate to documents concerning former defendant Thomas Speer, who settled with the plaintiff and subsequently submitted an affidavit in support of plaintiff's motion for contempt. These four requests are somewhat duplicative; they ask for the settlement agreement between ITI and Speer and all documents related to either Speer, the agreement, or his affidavit, including drafts of the agreement and affidavit and communications between the parties and Speer or attorneys for any such entity. The other two requests ask for any other agreements plaintiff ITI has entered into with any party or non-party and any documents concerning communications between either ITI or ITI-Florida and any of the individual defendants except Esposito and Speer.

In its reply to the motion to compel, ITI states that it has produced all non-privileged documents responsive to the requests served by Esposito, which in total constitute the settlement agreement with Speer and his affidavit, and that it has asked defendant on several occasions to clarify its requests if it seeks additional documents. To the extent that Esposito's requests also encompass ITI's attorney's files relating to the Speer settlement and any other future settlements, ITI objects on the ground of the attorney-client privilege, and also objects to producing any non-final documents relating to the settlement. Esposito disagrees that the settlement documents should not be produced and also notes that he asked for any correspondence between ITI or its attorneys and Speer or his attorney, none of which has been produced.

Both parties cite *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364 (N.D.Ill. 2001) to support their positions regarding the production of background settlement documents. In that case, Magistrate Judge Denlow ordered the plaintiff to produce the

2

settlement agreement it had entered into with one of the defendants, finding that the production of the agreement was relevant to the liability of the other defendants, who had all been accused of conspiring against plaintiff with regard to the purchase of valuable violins. Judge Denlow also noted that the terms of settlement agreements can often be helpful in assessing a witness' bias and credibility. In this case, ITI has already produced the settlement agreement it has with Speer, and in Court, it agreed to produce the settlement agreements it has with two other former defendants.

ITI does not need to produce any of the documents which set forth the negotiations leading up to the settlement(s). We are not convinced that drafts of the agreement or other such documents are relevant, especially since such production may have a chilling effect on parties' willingness to enter into settlement negotiations. See *White,* 203 F.R.D. at 367, citing *Vardon Golf v. BBMG Golf,* 156 F.R.D. 641, 652 (N.D.Ill. 1994). The final agreement should incorporate all previous discussions and is sufficient to help the defendants assess Speer's credibility and bias. In open court, ITI informed the defendant that it does not have any responsive documents concerning the affidavit Speer submitted in support of the contempt motion or any of defendant's other requests; we order plaintiff to provide defendant with formal interrogatory responses to that effect.

The second part of the motion to compel concerns requests served by ITI-Florida having to do with ITI's calculations of its damages from the defendant's alleged breach of the TRO. Judge Coar ordered ITI to produce certain documents concerning damages, and to the extent that it has only produced a list of such documents, it must produce the actual pages. Further, ITI is ordered to answer ITI-Florida's interrogatories regarding the types of damages it is claiming, even if it cannot yet articulate the exact amounts.

Finally, both parties ask for monetary and other sanctions associated with the various discovery disputes. In January, the plaintiffs traveled to Florida in order to take the depositions of two individual plaintiffs, and to attend the deposition of Speer, noticed up by the defendants. Because the defendants believed that the plaintiff had not produced all relevant and responsive discovery documents, it refused to produce the individual defendants for deposition and likewise cancelled Speer's deposition. Although it has not made a formal motion, ITI's response to the motion to compel asks to be reimbursed for the costs associated with its trip to Florida and also asks that we order the depositions of the individual defendants to take place in Chicago, as well as bar the defendants from rescheduling the deposition of Speer. Defendants seek the costs and fees associated in bringing this motion.

After listening to the parties' discussion in open court, we find that they are both somewhat responsible for the costs associated with the discovery disputes, and thus decline to award costs or fees to either side. We deny plaintiff's request that the depositions of the two individual defendants take place in Chicago and decline to bar a further deposition of Speer. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: March 5, 2002

4